■ In the Matter of STANFORD O. GROSS, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated July 21, 1980, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of unlawful age discrimination. Petitioner, Stanford O. Gross, began employment with respondent NL Industries, Inc., in 1949. Petitioner and eight other employees over the age of 55 were notified by a company representative on September 28, 1976 that they were being retired effective January 1, 1977 pursuant to section 4.3 (b) of the NL retirement plan. Gross was 56 years of age and a superintendent of mining and lands. Section 4.3 (b) provided as follows: "At the convenience of the Company, a participant may be retired on the first day of any month within 10 years preceding Normal Retirement Date." Early retirement has been allowed at NL since May 1, 1948. In a complaint filed with the State Division of Human Rights on May 2, 1977, petitioner alleged that NL Industries, Inc., terminated his employment because of age in violation of the

its clients is a personal report, the charge for which is not taxable" (20 NYCRR 527.3 [b] [2], Example 1).

New York State Human Rights Law. The division investigated and found it had jurisdiction over the complaint and that probable cause existed to believe that respondent had engaged in an unlawful discriminatory practice. Respondent moved to dismiss the complaint pursuant to 9 NYCRR 465.10 (e) (3) on the ground that retirements fall under an exception to the New York age discrimination statute (see Executive Law, § 296, subd 3-a, par [c]). In dismissing the complaint, the State Division of Human Rights held that "employees who are forced to accept early retirement under company option provisions" are not protected by the Human Rights Law (Executive Law, art 15). The State Human Rights Appeal Board affirmed the decision and the instant proceeding ensued. The determination should be confirmed. Section 296 (subd 3-a, par [c]) of the Executive Law mandates that the provisions of section 296 of the Executive Law must not be construed to "affect the retirement policy or system of any employer where such policy or system is not merely a subterfuge to avoid the purposes" of the Human Rights Law relating to age discrimination. The State Division of Human Rights correctly interpreted this subdivision to permit involuntary retirements before the age of 65 under a valid retirement plan or system (State Div. of Human Rights v State of New York, Executive Dept., Div. of State Police, 62 AD2d 617, 623, app dsmd 46 NY2d 939). It is well settled that "words and phrases used in a statute should be given their ordinary meaning when, as here, the Legislature has given no indication that a different meaning was intended" (People v Cruz, 48 NY2d 419, 428). Petitioner's contention that a factual inquiry is needed to determine whether NL's retirement plan is a bona fide or merely a subterfuge to evade the purposes of the Human Rights Law (Executive Law, § 296, subd 3-a, par [c]) is without merit. The subject retirement plan, which was adopted in 1948, more than 10 years prior to the passage of the legislation it allegedly was designed to evade, cannot validly be construed as a "subterfuge" (United Air Lines v McMann, 434 US 192, 203). This is especially so in the instant case, where, not only does the retirement plan significantly predate the relevant legislation, but it also provides the retiring employee with substantial benefits (see United Air Lines v McMann, supra, pp 206-207 [White, J., concurring]). Finally, we find no merit to petitioner's contention that NL Industries, Inc., did not comply with the provisions of its retirement plan. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Main, Mikoll and Casey, JJ., concur.