OPINION OF THE COURT
Robert F. Doran, J.
Petitioner seeks to overturn the determination of respondent State Comptroller denying petitioner’s application for accidental disability retirement benefits under Retirement and Social Security Law § 363, which is part of the Policemen’s and Firemen’s Retirement System Act (hereinafter PFRSA) originally enacted in 1966 and effective April 1, 1967.
Petitioner is a member of respondent New York State Policemen’s and Firemen’s Retirement System. While on duty, he injured his ankle on April 5, 1984. The injury ultimately resulted in a permanent disability. On February 3, 1986, petitioner filed an application for accidental disability retirement. The State Comptroller issued a determination on February 12, 1986 disapproving the application on the ground that petitioner was not under the age of 60 on the date the application was filed (Retirement and Social Security Law § 363 [a] [1]).
On March 5, 1986, petitioner requested a hearing and redetermination of his claim. Said hearing was scheduled for May 20, 1986 and later rescheduled for July 14, 1986. However, by letter dated June 27, 1986, petitioner conceded that he was over the age of 60 at the time he filed his application for benefits. Based upon that concession, the scheduled hearing was canceled and the case closed.
Petitioner commenced this CPLR article 78 proceeding to have the State Comptroller’s determination declared arbitrary and capricious, an abuse of discretion, affected by error of law and not supported by substantial evidence. Petitioner also alleges herein that Retirement and Social Security Law § 363 *197 (a) (1) violates the anti-age discrimination provisions of the New York Human Rights Law, Executive Law § 296 (hereafter NYHRL) and the United States Age Discrimination in Employment Act of 1967 (hereinafter ADEA) (29 USC § 623).
An alternative request of petitioner for an order pursuant to CPLR 7804 (g) to transfer the issues raised herein to the Appellate Division, Supreme Court, is denied. This court finds that there was no hearing at which evidence was taken such that the resultant determination could be challenged as not being supported by substantial evidence (see, Matter of Colton v Berman, 21 NY2d 322, 329).
This court further finds and concludes that the determination of the State Comptroller denying the application of petitioner for accidental disability retirement benefits on the ground that petitioner was not eligible because he was not under the age of 60 at the time said application was filed, as required by Retirement and Social Security Law § 363 (a) (1), was not arbitrary and capricious, an abuse of discretion or affected by error of law.
Pursuant to Retirement and Social Security Law § 311, the State Comptroller is designated the administrative head of the New York State Policemen’s and Firemen’s Retirement System, and, pursuant to Retirement and Social Security Law § 374, the Comptroller has exclusive authority to determine all applications for any form of retirement or benefits provided for in PFRSA. The Comptroller is granted an identical role and identical authority with respect to the New York State Employees’ Retirement System under Retirement and Social Security Law §§ 11 and 74. In applying Retirement and Social Security Law § 363 (a) (1), the only factual issue to be resolved is whether petitioner was under or over age 60 at the time of the application.
There is no discretion involved in the State Comptroller’s determination. He must deny accidental disability retirement benefits where the applicant is over the age of 60 at the time of filing his application. Here, petitioner has conceded he was over age 60 when he filed his application.
In the case at bar, the State Comptroller has complied with the legislative mandate under Retirement and Social Security Law § 363 (a) (1); and, therefore, there is no basis for ruling that his determination was arbitrary or capricious, an abuse of discretion or affected by error of law.
The final issue raised by petitioner is that the provisions of *198 Retirement and Social Security Law § 363 (a) (1) are illegal and discriminatory and in violation of the anti-age discrimination provisions of NYHRL and ADEA. To decide that issue, the court must review the history and background of the retirement and discrimination laws.
The New York State Policemen’s and Firemen’s Retirement System was established in 1967 pursuant to PFRSA. PFRSA was added to the Retirement and Social Security Law by Laws of 1966 (ch 1000, eff Apr. 1, 1967). Prior to the enactment of PFRSA, policemen and firemen were members of the New York State Employees’ Retirement System under the applicable provisions of the Retirement and Social Security Law.
On the effective date of PFRSA, all policemen and firemen who were members of the New York State Employees’ Retirement System were transferred to the newly established New York State Policemen’s and Firemen’s Retirement System along with all the rights, privileges and benefits to which they were then entitled under the New York State Employees’ Retirement System.
Respondents argue that Retirement and Social Security Law § 363 (a) (1) is exempt from, and does not violate, the age discrimination laws contained in either ADEA or NYHRL, since both statutes provide that they are not intended to affect retirement systems or policies which are not merely subterfuges to evade the purposes of the statutes.
Respondents further argue that under both statutes, courts have held that a retirement system or policy which was in effect prior to the passage of the legislation it was allegedly designed to evade cannot, in fact, be a subterfuge for that purpose (see, e.g., United Air Lines v McMann, 434 US 192, 203; Equal Employment Opportunity Commn. v State of Maine, 644 F Supp 223, 227; Matter of Gross v New York State Human Rights Appeal Bd., 80 AD2d 678, 679).
ADEA was enacted in 1967, becoming effective in 1968, approximately one year after the effective date of PFRSA and approximately two years after PFRSA was originally enacted. Retirement and Social Security Law § 363 (a) (1), therefore, is exempt from, and does not violate, ADEA because: (1) it involves a bona fide retirement plan in that it exists and pays benefits; and (2) it was enacted prior to the passage of ADEA and thus cannot be a subterfuge to evade that statute.
Respondents also argue, and the court is of the opinion, that petitioner has failed to fulfill the notice and filing require *199 ments contained in 29 USC § 626 (d) and § 633 (b) because petitioner did not file a complaint with New York State Division of Human Rights, did not wait 60 days until after proceedings had been commenced under State law to bring his claim under ADEA and did not file a charge with the Equal Employment Opportunity Commission at least 60 days prior to bringing suit under ADEA. Thus, petitioner’s claim under ADEA must also fail because it is premature.
Turning to NYHRL, the court notes that the language of Retirement and Social Security Law § 363 (a) (1) is identical to the language in the Retirement and Social Security Law § 63, which was enacted by Laws of 1955 (ch 687), became effective July 1, 1956 and was amended once in 1956. As originally enacted, Retirement and Social Security Law § 63 was a restatement of former Civil Service Law § 79, which had, in turn, been derived from former Civil Service Law § 65.
Under former Civil Service Law § 65, the Attorney-General had originally issued an opinion stating that a member who was over age 60 could be eligible for accidental disability retirement benefits even though the member was also eligible for superannuation retirement (1926 Opns Atty Gen 79). In 1931, the Legislature amended the law to overcome the effect of the Attorney-General’s opinion and to make it clear that members of the New York State Employees’ Retirement System who were over age 60 were not eligible for accidental disability retirement under any circumstances. From that time, it has consistently been held that an applicant for accidental disability retirement must be under age 60 at the time of application in order to qualify.
Since PFRSA, which was enacted in 1966 approximately eight years after the anti-age discrimination provisions of NYHRL were enacted by Laws of 1958 (ch 738), embodies a policy which has been in effect prior to the passage of NYHRL, the provisions of Retirement and Social Security Law § 363 (a) (1) are exempt from NYHRL.
The petition is in all respects dismissed.